8:25-CV-2813-TPB-AAS

**UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA**

**Case Number:** (To be assigned by the Clerk of Court)

**CHIMA A. NWALA,** an individual, Authorized Representative for Hangout Corp Real Estate Investment, and Trustee, **Plaintiff,**

v.

**EQUIFAX INFORMATION SERVICES LLC; TRANSUNION LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; FREEDOM MORTGAGE CORPORATION; NAVY FEDERAL CREDIT UNION; DISCOVER FINANCIAL SERVICES / DISCOVER BANK; USAA FEDERAL SAVINGS BANK; BANK OF AMERICA; CHRYSLER CAPITAL; TBOM/ATLS/FORTIVA MC; and ABSOLUTE RESOLUTIONS INVESTMENTS, Defendants.**

**COMPLAINT FOR WILLFUL AND NEGLIGENT VIOLATIONS OF THE FAIR CREDIT REPORTING ACT (FCRA), REAL ESTATE SETTLEMENT PROCEDURES ACT (RESPA), AND FRAUD/UNFAIR DECEPTIVE ACTS OR PRACTICES (UDAAP)**

**DEMAND FOR JURY TRIAL**

**I. INTRODUCTION**

1. This is an action for damages and injunctive relief against the Credit Reporting Agencies (CRAs) for their failure to conduct reasonable investigations into disputed consumer credit information (FCRA § 1681i(a) and § 1681e(b)), and against the Furnishers/Creditors for their failure to properly investigate and correct inaccurate reporting after receiving notice of a dispute (FCRA § 1681s-2(b)), and for other unlawful conduct.

2. Specifically, Defendant Freedom Mortgage Corporation is also being sued for failure to provide a timely and substantive response to a Qualified Written Request (QWR), violating RESPA.

3. The Furnisher Defendants are further liable for Fraud and Unfair/Deceptive Acts or Practices (UDAAP) due to the refusal to accept lawful payment tenders and continued demand for payment while reporting accounts as delinquent.

**II. JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the claims arise under the laws of the United States, specifically the Fair



Credit Reporting Act (15 U.S.C. § 1681 *et seq.*) and the Real Estate Settlement Procedures Act (12 U.S.C. § 2605).

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## III. PARTIES

6. **Plaintiff CHIMA A. NWALA** is an individual consumer residing in the state of Florida and is a "Consumer" as defined by the FCRA.

7. **Defendant Equifax Information Services LLC, TransUnion LLC, and Experian Information Solutions, Inc.,** are "Consumer Reporting Agencies" (CRAs) as defined by 15 U.S.C. § 1681a(f), and regularly transact business in this District.

8. **Defendants Freedom Mortgage Corporation, Navy Federal Credit Union, Discover Financial Services / Discover Bank, USAA Federal Savings Bank, Bank of America, Chrysler Capital, TBOM/ATLS/Fortiva MC, and Absolute Resolutions Investments,** are "Furnishers of Information" and/or creditors/collectors who report information about the Plaintiff to the CRAs, and are subject to the duties imposed by 15 U.S.C. § 1681s-2.

## IV. STATEMENT OF FACTS

9. Plaintiff maintains consumer credit files with all three CRA Defendants.

10. The credit files reported by the CRA Defendants contain inaccurate, incomplete, and/or misleading information regarding accounts furnished by the Furnisher Defendants.

11. The accounts in dispute include those reported by Navy Federal Credit Union and Discover Financial Services, where the Defendants failed to properly account for and credit lawful payment tenders, leading to improper default/charge-off reporting.

12. The Furnisher Defendants, such as Navy Federal Credit Union, refused to accept or account for tendered payments based on a "Non-negotiable - Conditions not accepted" remark.

13. On or about August 1, 2025, Plaintiff sent a Qualified Written Request (QWR) to Defendant Freedom Mortgage Corporation regarding Loan No. 0149508582 for proper accounting and discharge of the debt.

14. Freedom Mortgage Corporation failed to provide a timely and substantive response to the QWR, violating RESPA requirements.

15. Plaintiff has sent multiple written disputes to the CRA Defendants regarding the reporting of these disputed accounts.

16. The CRA Defendants, upon receiving notice of the disputes, notified the Furnisher Defendants of the disputed status of the accounts.

17. Despite receiving direct and indirect notice of the disputes, all Defendants have failed to conduct reasonable and proper investigations, resulting in the continued reporting of the accounts as delinquent, charged-off, or in collection (as evidenced in the TransUnion report dated 09/20/2025).

18. The reinvestigation results provided by the CRAs, stating the information was "VERIFIED AS ACCURATE," were insufficient and misleading, as there was no evidence of due diligence concerning the refused payments and restrictive endorsements.

19. The continued reporting of this inaccurate information by all Defendants constitutes willful and/or negligent noncompliance with federal law.

20. As a direct and proximate result of the Defendants' unlawful actions, the Plaintiff has suffered and continues to suffer significant harm, including financial losses, loss of credit opportunity, and emotional distress.

## V. CAUSES OF ACTION

### COUNT I: FCRA - NEGLIGENT AND/OR WILLFUL NON-COMPLIANCE BY CRAs (15 U.S.C. § 1681e(b) & § 1681i(a))

21. Plaintiff re-alleges and incorporates the preceding paragraphs.

22. The CRA Defendants violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of the information in the Plaintiff's consumer report.

23. The CRA Defendants violated 15 U.S.C. § 1681i(a) by failing to conduct a reasonable reinvestigation of the disputed items after receiving notice from the Plaintiff.

24. The failure of the CRAs to delete or correct the inaccurate information after investigation, particularly without reviewing documentation regarding refused payments, constitutes willful and/or negligent noncompliance.

### COUNT II: FCRA - NEGLIGENT AND/OR WILLFUL NON-COMPLIANCE BY FURNISHERS (15 U.S.C. § 1681s-2(b))

25. Plaintiff re-alleges and incorporates the preceding paragraphs.

26. The Furnisher Defendants, having received notice of the disputes from the CRAs, violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation, review all relevant information, and report corrected information.

27. The Furnisher Defendants' continued reporting of the disputed accounts as delinquent, charged-off, or in collection after notification of the dispute constitutes a willful violation of their statutory duty.

### COUNT III: RESPA - FAILURE TO RESPOND TO QWR

28. Plaintiff re-alleges and incorporates the preceding paragraphs.

29. Defendant Freedom Mortgage Corporation is a loan servicer subject to RESPA.

30. Freedom Mortgage Corporation violated 12 U.S.C. § 2605(e) and 12 C.F.R. § 1024.36 by failing to provide a timely and substantive response to the Plaintiff's Qualified Written Request (QWR) dated August 1, 2025.

31. This violation has caused the Plaintiff financial harm and is grounds for relief under RESPA.

### COUNT IV: FRAUD AND UNFAIR/DECEPTIVE ACTS OR PRACTICES (UDAAP)

32. Plaintiff re-alleges and incorporates the preceding paragraphs.

33. The Furnisher Defendants' conduct, including the refusal to accept or account for tendered payments and the simultaneous continued demand for payment while reporting the accounts as delinquent, constitutes an Unfair and Deceptive Act or Practice (UDAAP) in violation of 12 U.S.C. § 5531 (Consumer Financial Protection Act).

34. This conduct also constitutes fraud and violates state common law.

### VI. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, CHIMA A. NWALA, prays for judgment against the Defendants, and each of them, as follows:

A. **Declaratory and Injunctive Relief:**

1. An Order compelling the immediate permanent **deletion** of all inaccurate, incomplete, and disputed trade lines from all Plaintiff's consumer reports.

2. An Order compelling **Freedom Mortgage Corporation** to provide a proper RESPA-compliant accounting and settlement statement.

3. An Order declaring the underlying debts discharged due to improper refusal of payment tenders and subsequent fraud.

B. **Actual Damages:** Compensation for all harm, including financial losses, loss of credit opportunity, and emotional distress.

C. **Statutory Damages:** An award of damages up to **$1,000 per violation** for each willful violation of the FCRA.

D. **Punitive Damages:** Substantial punitive damages for the Defendants' willful and/or reckless disregard of the law and consumer rights.

E. **Attorneys' Fees and Costs:** Recovery of all reasonable attorney's fees and costs of the action, as authorized by 15 U.S.C. § 1681n/o and 12 U.S.C. § 2605(f).

F. **Such other and further relief** as the Court deems just and proper.

Dated: October 10, 2025

Respectfully Submitted,

By: chima akagbue nwala **CHIMA A. NWALA** (Pro Se Litigant) 11311 Hawks Fern Dr Riverview, FL 33569 Phone: 813-525-7296 Email: chima-nwala@gmail.com

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.