**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CHIMA A. NWALA,

     Plaintiff,

v.                                     Case No. 8:25-cv-2813-TPB-AAS

EQUIFAX INFORMATION
SERVICES LLC, et al.,

     Defendants.

_____/

**ORDER GRANTING IN PART AND DENYING**
**WITHOUT PREJUDICE IN PART MOTIONS TO DISMISS**

This matter is before the Court on the following motions to dismiss:

- "Defendant Freedom Mortgage Corporation's Motion to Dismiss" (Doc. 20);

- "Defendant Freedom Mortgage Corporation's Amended Motion to Dismiss (Amended to Add Certificate of Conferral Only)" (Doc. 22);

- "Capital One, N.A. Successor by Merger to Discover Bank's Motion to Dismiss" (Doc. 28); and

- "Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, or in the Alternative, Compel Arbitration and to Stay the Action" (Doc. 34), filed by Defendant Santander Consumer USA Inc. d/b/a Chrysler Capital.

Plaintiff Chima Nwala filed responses in opposition. *See* (Docs. 23; 35; 36). After reviewing the motions, responses, court file, and the record, the Court finds as follows:

**Background**

Plaintiff Chima A. Nwala sues Defendants Equifax Information Services LLC, TransUnion LLC, Experian Information Solutions Inc., Freedom Mortgage Corporation, Navy Federal Credit Union, Discover Financial Services/Discover Bank, USAA Federal

Saving Bank, Bank of America, Chrysler Capital, TBOM/ATLS/FORTIVA MC, and Absolute Resolutions Investments for violations of the Fair Credit Reporting Act, violations of the Real Estate Settlement Procedures Act ("RESPA"), and violations of the Consumer Financial Protection Act ("CFPA").  Although rife with legal conclusions, the complaint reveals few operative facts.  Plaintiff appears to claim that the credit files reported by the credit reporting agency ("CRA") Defendants contain inaccurate, incomplete, or misleading information regarding accounts furnished by the other Defendants.  Although he does not specify or explain the nature of these inaccuracies or errors, it appears that they may be related to improper default or charge-off reporting as he claims that Defendants have failed to properly account for and credit "lawful payment tenders."  According to Plaintiff, the "Furnisher Defendants," such as Navy Federal Credit Union, "refused to accept or account for tendered payments based on a non-negotiable – conditions not accepted" remark.

Plaintiff alleges that on August 1, 2025, he sent a qualified written request to Defendant Freedom Mortgage Corporation regarding a loan for proper accounting and discharge of the debt, but Freedom has failed to provide a timely and substantive response in violation of RESPA.  Plaintiff further alleges that he has sent multiple written disputes to the CRA Defendants regarding the reporting of disputed accounts, that the CRA Defendants notified the Furnisher Defendants of the disputed status of the accounts, and that despite receiving notice of the disputes, all Defendants have failed to conduct reasonable and proper investigations.  According to Plaintiff, the reinvestigation results provided by the CRAs were insufficient and misleading as they did not provide

evidence of due diligence, and the continued reporting of inaccurate information by all Defendants constitutes noncompliance with federal law.

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

As Plaintiff in this case is proceeding *pro se*, the Court more liberally construes the pleadings. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2018). However, a *pro se* plaintiff must still conform with procedural rules and the Court does not have "license to

act as *de facto* counsel" on behalf of a *pro se* plaintiff. *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019).

## Analysis

### *Capacity and Representation*

The Court *sua sponte* raises a concern regarding Plaintiff's capacity based on the complaint and his responses in opposition to the pending motions.  In the complaint, Plaintiff appears to assert capacity as an individual, as an "authorized representative" for a corporation, and as a trustee.  In his responses, Plaintiff refers to the "Chima Akagbue Nwala Revocable Living Trust" and "emphasizes that he is the Grantor, Trustee, and Primary Beneficiary."  He also mentions that the Trust owns the assets of nonparty Hangout Corp Real Estate Investments.

Although an individual plaintiff may proceed *pro se* in his own name, there are restrictions on his ability to represent trusts, corporations, and other entities.  It is well-established that "a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel." *See, e.g., Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985).  And "[a] trust, like a corporation, is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel."  *J.J. Rissell, Allentown, PA Trust v. Marchelos*, 976 F.3d 1233, 1235 (11th Cir. 2020) (quoting *Palazzo*, 764 F.2d at 1385).  Because he is not an attorney, Plaintiff may not represent the interests of the referenced trust or corporation.

The Court will be allowing Plaintiff an opportunity to file an amended complaint, if he may do so in good faith.  Should Plaintiff file an amended complaint, he should take

care to only bring claims in his individual capacity, and he should avoid references to corporations and trusts whose interests he cannot represent.

### Unserved Defendants

At the outset, the Court notes that this case was filed on October 14, 2025. To date, Plaintiff has failed to file actual returns of service for Defendants Equifax Information Services LLC, TransUnion LLC, Experian Information Solutions, Inc., Navy Federal Credit Union, USAA Federal Saving Bank, Bank of America, TBOM/ATLS/FORTIVA MC, and Absolute Resolutions Investments. Instead, Plaintiff filed a "notice of the filing of the Return of Service, demonstrating service of process upon all Defendants through their respective registered agents," and explained that "[s]ervice was effected via United States Postal Service Certified Mail, Return Receipt Requested, in accordance with Federal Rule of Civil Procedure 4(h), Florida Statutes § 48.081, and Local Rule 1.10(a)." But service by registered mail was not proper or authorized here.

The Defendants who have filed motions to dismiss and failed to address this issue – Freedom Mortgage Corporation, Discovery Financial Services/Discover Bank, and Chrysler Capital – have waived the service defect. *See* Fed. R. Civ. P. 12(b)(4).

As to the remaining Defendants – Equifax Information Services LLC, TransUnion LLC, Experian Information Solutions, Inc., Navy Federal Credit Union, USAA Federal Saving Bank, Bank of America, TBOM/ATLS/FORTIVA MC, and Absolute Resolutions Investments – Plaintiff's claims against these Defendants are dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4 and Local Rule 1.10. *See* Fed. R. Civ. P. 4(m) (requiring service of process within 90 days of the filing of the complaint); Local Rule 1.10(a) ("Within twenty-one days after service of a summons and complaint or

Page 5 of 13

receipt of a waiver, a party must file proof of service or the waiver."); Local Rule 1.10(d) ("Failure to comply with a deadline in this rule can result in dismissal of the claim or action without notice and without prejudice.").

***Motions to Dismiss***

Defendants Freedom Mortgage Corporation ("Freedom"), Capital One, N.A. (as successor by merger to Discover Bank) ("Discover"), and Santander Consumer USA Inc. d/b/a Chrysler Capital ("Chrysler Capital") have filed motions to dismiss, raising various arguments for relief.

<u>Shotgun Pleading</u>

In its motion to dismiss, Discover argues that the complaint constitutes a shotgun pleading because Plaintiff impermissibly lumps together at least eight defendants without differentiating the purported acts of each defendant or what facts support the causes of action brought against each defendant. In addition, Discover further argues that the complaint offers little more than conclusory statements without sufficient supporting facts.

A shotgun pleading is one where "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief" and the defendant therefore cannot be "expected to frame a responsive pleading." *See Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. College*, 77 F.3d 364, 366 (11th Cir. 1996). The Eleventh Circuit has identified four primary types of shotgun pleadings:

(1)    complaints containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;

(2)     complaints that do not commit the mortal sin of re-alleging all preceding counts but are guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;

(3)     complaints that commit the sin of not separating into a different count each cause of action or claim for relief; and

(4)     complaints that assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which actions or omissions, or which of the defendants the claim is brought against.

*See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322-23 (11th Cir. 2015).

As a threshold matter, the Court *sua sponte* finds that Plaintiff's complaint violates the first prong of *Weiland* because each count "re-alleges and incorporates the preceding paragraphs." By incorporating in this way, each count adopts the allegations of all preceding counts. This defect alone is grounds for dismissal.

But there are other shotgun issues with the complaint. Most significantly, Plaintiff's complaint "lacks factual allegations that would explain the context and basis" of his claims. *See CNI Express, LLC v. BMO Harris Bank National Association*, No. 8:23-cv-1577-CEH-JSS, 2023 WL 5758932, at *2 (M.D. Fla. Sept. 6, 2023). Ultimately, "the factual and legal bases for [Plaintiff's] claims are virtually impossible to understand" and "fail to give Defendants adequate notice of the causes of action being asserted against them." *See id.* Plaintiff's claims ultimately rely on conclusory statements about various violations by Defendants without providing sufficient facts about what violations allegedly occurred. Plaintiff also does not separate into different counts each cause of action or claim of relief against each Defendant, which is particularly confusing with so many Defendants involved.

In an abundance of caution, the Court will grant an opportunity to amend, if Plaintiff may do so in good faith.  In an amended complaint, Plaintiff should set out each of his separate causes of action in a separately numbered count, each of which should assert a single claim for relief against a single Defendant.  Each count should set forth specific factual allegations that explain the basis for that cause of action.  Plaintiff should include all of his allegations in the amended complaint and not refer to the original complaint.

<u>Count II – Fair Credit Reporting Act (Against Furnishers)</u>

Freedom and Discover argue that Plaintiff fails to state a claim in Count II for a violation of the FCRA.  To prevail on an FCRA claim against a furnisher, a consumer must allege and prove: (1) the furnisher received a notice from a CRA that the consumer disputed the tradeline; (2) the furnisher breached its duty to conduct a reasonable investigation into the dispute; and (3) had the furnisher conducted a reasonable investigation, "the furnisher would have discovered that the information it reported was inaccurate or incomplete, triggering the furnisher's obligation to correct the information." *Felts v. Wells Fargo Bank, N.A.*, 893 F.3d 1305, 1312-13 (11th Cir. 2018).  Significantly, the furnisher's obligation is limited to "conduct[ing] an investigation with respect to the disputed information."  15 U.S.C. §1681s-2(b)(1)(A); *see also Hunt v. JPMorgan Chase Bank Nat'l Ass'n*, 770 F. App'x 452, 458-59 (11th Cir. 2019) (affirming dismissal of an FCRA claim where the plaintiff did not allege that the defendant received notification from the CRAs of specific information that plaintiff claimed was inaccurate).  To be clear, a plaintiff cannot recover on this type of FCRA claim without (1) actually identifying inaccurate or incomplete information, and (2) pointing to some facts that a furnisher

could have uncovered during a diligent investigation that would establish "that the reported information was, in fact, inaccurate or incomplete." *Milgram v. Chase Bank USA, N.A.*, 72 F.4th 1212, 1218 (11th Cir. 2023) (quotations and citations omitted).

In this case, Plaintiff fails to allege what information (if any) was inaccurate. He fails to allege that a reasonable investigation would have identified the inaccuracy. Plaintiff's vague allegations and bare legal conclusions that merely recite the elements of an FCRA claim are not sufficient to state a claim for relief. The motions to dismiss are granted as to this ground, with leave to amend.

<u>Count III – RESPA violation (Against Freedom Mortgage Corp.)</u>

Freedom argues that Plaintiff fails to state a claim in Count III for a violation of RESPA. Plaintiff's claim is based on Freedom's alleged failure to respond to a QWR. A QWR is defined as written correspondence from the borrower that (1) identifies the name and account of the borrower, and (2) either (a) "asserts an error in the borrower's account or (b) requests information related to the servicing of the borrower's account." *Ranger v. Wells Fargo Bank N.A.*, 757 F. App'x 896, 901 (11th Cir. 2018) (citing 12 U.S.C. § 2605(e)(1)); *Smith v. Bank of America Home Loans*, 968 F. Supp. 2d 1159, 1170 (M.D. Fla. 2013). A loan servicer only has a duty to respond if the information request is related to loan servicing. *Id.* Additionally, RESPA defines "servicing" as "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." 12 U.S.C. § 2605(i)(3). Finally, a plaintiff must show "actual damages" from the

servicer's failure to respond, along with a "causal link" between the violation and alleged damages. *See Ranger*, 757 F. App'x at 901.

In this case, Plaintiff alleges, in conclusory fashion, that the August letter is a QWR. But he provides no facts showing that the August letter qualifies as a QWR – for instance, that the letter identified the name and account of the borrower, or that it requested information regarding the servicing of his loan.[1] Although Plaintiff is not required to attach a copy of the letter to his complaint, his failure to do so means the Court is unable to review the letter in its evaluation of the sufficiency of claim. Finally, even though Plaintiff alleges in a conclusory fashion that he suffered financial harm, he does not allege actual damages, nor does he allege any causal link between the alleged violation and his damages. Consequently, the Court concludes that Count III fails to state a claim. This claim is dismissed without prejudice, with leave to amend, if Plaintiff may do so in good faith.[2]

Count IV – 12 U.S.C. § 5531

Freedom and Discover also argue that the Consumer Financial Protection Act does not provide a private right of action. The Court agrees. "The [CFPA] does not confer any specific, individually enforceable rights and therefore there is no basis for private

---

[1] RESPA does not require a loan servicer to provide information concerning the validity of a loan, and that disputes about the validity of a debt do not relate to servicing and cannot support a RESPA claim. *See Smith*, 968 F. Supp. 2d at 1170-71 (collecting cases).

[2] RESPA permits servicers to designate a specific address to which all QWRs must be sent before the servicer's duties to respond are triggered. *Bivens v. Bank of Am., N.A.*, 868 F.3d 915, 919-20 (11th Cir. 2017). Therefore, if Plaintiff failed to send a QWR to the designated address, he would not be able to ultimately prevail on his claim. It does not appear that this mailing requirement must be pleaded as part of a *prima facie* claim, and so it may not be proper to address this argument at the pleading stage. However, in the interest of judicial economy, the Court warns Plaintiff that before filing an amended complaint, he should consider whether he met this mailing requirement and will ultimately be able to prevail in order to not waste important judicial resources.

enforcement." *Cornwall v. Third Fed. Sav. & Loan*, No. 8:15-cv-2616-T-EAK-AAS, 2016 WL 4034782, at *2 (M.D. Fla. July 25, 2016); *Schooley v. Option One Mortg. Corp.*, No. 5:21-cv-219-AW/MFJ, 2022 WL 3703184, at *3 (N.D. Fla. June 17, 2022); *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 281 (2004).  This claim is dismissed with prejudice, without leave to amend.

Chrysler Capital's Motion to Dismiss or Compel Arbitration

In its motion, Chrysler Capital requests the Court (1) dismiss the complaint for lack of subject matter jurisdiction, or (2) in the alternative, compel arbitration and stay the claims against it pending arbitration.  According to Chrysler, Plaintiff (acting as a co-buyer and president of Hangout Corporation) entered into a retail installment sale contract with Brandon Automall Fiat to purchase a 2021 Tesla Model Y, which was financed by Chrysler Capital.  The contract was assigned to Chrysler Capital.  In the contract, Chrysler Capital asserts that Plaintiff agreed to arbitrate any and all claims relating to the contract, including any statutory claims under the Fair Credit Reporting Act and Consumer Financial Protection Act because any alleged reporting would clearly arise from the purchase of the vehicle and relate to the contract and servicing of the loan (including default and payments owed under the contract).

This argument may be well-taken.[3]  Unfortunately, due to the shotgun nature of the complaint and failure to sufficiently state any claims for relief, the Court is not able to definitively make this determination at this time.  Instead, the Court will deny the

---

[3] Should the Court compel arbitration, Plaintiff's claims against Chrysler Capital would be stayed rather than dismissed.  *See, e.g., Milestone v. Citrus Specialty Grp., Inc.*, No. 8:19-cv-2341-T-02JSS, 2019 WL 5887179, at *3 (M.D. Fla. Nov. 12, 2019) (citing *Bender v. A.G. Edwards & Sons, Inc.*, 971 F.2d 698, 699 (11th Cir. 1992)); 9 U.S.C. § 3; *Giraud v. Woof Gang Bakery*, No. 8:17-cv-2442-T-26AEP, 2018 WL 2057814 (M.D. Fla. May 3, 2018)).

motion without prejudice to any right Chrysler Capital may have to re-raise the argument should Plaintiff file an amended complaint against it.

### Warning for Pro Se Litigant

**The Court notes that even *pro se* plaintiffs must follow procedural rules, including the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida.  Litigation - particularly in federal court - is difficult, and Plaintiff should consider hiring an attorney. If he is unable to afford counsel, he should consider the resources available to *pro se* litigants, including the Legal Information Program operated by the Tampa Bay Chapter of the Federal Bar Association, and the Middle District of Florida's guide to assist *pro se* litigants proceeding in federal court, which is located on the Court's website.  The Court is unlikely to grant another opportunity to amend.**

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. Plaintiff's claims against Defendants Equifax Information Services LLC, TransUnion LLC, Experian Information Solutions, Inc., Navy Federal Credit Union, USAA Federal Saving Bank, Bank of America, TBOM/ATLS/FORTIVA MC, and Absolute Resolutions Investments are **DISMISSED WITHOUT PREJUDICE**.  The Clerk is directed to terminate any pending motions and deadlines associated with these Defendants, and to terminate them as parties to this action.

2. Because Plaintiff's claims against the CRAs are dismissed without prejudice, Count I of the complaint is **DISMISSED WITHOUT PREJUDICE**.

Defendant may not refile these claims against the CRAs in his amended complaint.

3. The motions to dismiss are **GRANTED** to the extent that Counts II and III of Plaintiff's complaint are **DISMISSED WITHOUT PREJUDICE**, with leave to amend.

4. The motions to dismiss are **GRANTED** to the extent that Count IV is dismissed with prejudice, without leave to amend.

5. Chrysler Capital's Motion to Dismiss or Compel Arbitration is **DENIED WITHOUT PREJUDICE**.  Chrysler Capital may raise these arguments in future filings if an amended complaint is filed.

6. Plaintiff is directed to file an amended complaint on or before April 15, 2026. Failure to file an amended complaint as directed will result in this Order becoming a final judgment.  Plaintiff should not include Count I, or any claims against the dismissed Defendants (who should not be named as Defendants in the amended complaint).  Pursuant to Fed. R. Civ. P. 5 and 11, should Plaintiff file an amended complaint, he is directed to provide a handwritten signature.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 25th day of March, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE