**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

CHIMA A. NWALA,

     Plaintiff,

v.                                     Case No. 8:25-cv-2813-TPB-AAS

EQUIFAX INFORMATION
SERVICES LLC, et al.,

     Defendants.

_____/

**ORDER GRANTING DISCOVER AND FREEDOM MORTGAGE MOTIONS TO
DISMISS; AND GRANTING IN PART AND DENYING IN PART CHRYSLER
CAPITAL'S MOTION TO DISMISS OR COMPEL ARBITRATION**

     This matter is before the Court on the following motions to dismiss:

- "Capital One, N.A. Successor by Merger to Discover Bank's Amended
  Motion to Dismiss Plaintiff's First Amended Complaint" (Doc. 48);

- "Defendant Freedom Mortgage Corporation's Motion to Dismiss" (Doc.
  51); and

- "Defendant's Motion to Dismiss for Lack of Subject Matter
  Jurisdiction, or in the Alternative, Compel Arbitration and to Stay the
  Action" (Doc. 52), filed by Defendant Santander Consumer USA Inc.
  d/b/a Chrysler Capital.

Plaintiff Chima Nwala filed a combined response in opposition to the Freedom

Mortgage and Chrysler Capital motions, but he did not respond to the Discover

motion. *See* (Doc. 52). After reviewing the motions, response, court file, and the

record, the Court finds as follows:

## Background[1]

Plaintiff Chima A. Nwala sues Defendants Freedom Mortgage Corporation, Capital One, N.A. Successor by Merger to Discover Bank ("Discover"), and Santander Consumer USA Inc. ("Chrysler Capital") for violations of the Fair Credit Reporting Act ("FCRA") and Real Estate Settlement Procedures Act ("RESPA"). Although rife with legal conclusions, the complaint reveals few operative facts. Plaintiff appears to claim that he sent a qualified written request ("QWR") to Freedom Mortgage's designated address for disputes, but Freedom Mortgage failed to conduct a timely investigation or correct the accounting errors. He alleges that regarding Discover, Plaintiff submitted disputes to credit reporting agencies ("CRAs") identifying "objectively verifiable" inaccuracies in reported payment history, but despite notice of the disputes from the CRAs, Discover failed to conduct a reasonable investigation or correct the data. And as to Chrysler Capital, Plaintiff claims that Chrysler Capital acts as a furnisher of credit information regarding a 2021 Tesla. Plaintiff alleges that he "disputed the accuracy of the reporting regarding 'lawful payment tenders' through the CRA dispute process" but that Chrysler Capital failed to conduct a reasonable investigation and continued to report "misleading data."

On October 14, 2025, Plaintiff filed his initial complaint. On March 25, 2026, the Court dismissed Plaintiff's complaint. Specifically, Plaintiff's claims against Defendants Equifax Information Services LLC, TransUnion LLC, Experian

---

[1] The Court accepts as true the facts alleged in Plaintiff's complaint for purposes of ruling on the pending motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Information Solutions, Inc., Navy Federal Credit Union, USAA Federal Saving Bank, Bank of America, TBOM/ATLS/FORTIVA MC, and Absolute Resolutions Investments were dismissed without prejudice for lack of service, and these defendants were terminated as parties.  Plaintiff was given leave to amend as to his claims against Defendants Freedom Mortgage, Discover, and Chrysler Capital, who each remained in the case.

On March 30, 2026, Plaintiff filed his amended complaint.  Freedom Mortgage and Discover have moved to dismiss, and Chrysler Capital has moved to dismiss or, in the alternative, compel arbitration.

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief."  Fed. R. Civ. P. 8(a).  While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face."  *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint.  *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995).  Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff."  *Id.*  (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).  "[A] motion to dismiss should concern only the complaint's legal

sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case."  *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

As Plaintiff in this case is proceeding *pro se*, the Court more liberally construes the pleadings.  *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2018). However, a *pro se* plaintiff must still conform with procedural rules and the Court does not have "license to act as *de facto* counsel" on behalf of a *pro se* plaintiff. *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019).

## Analysis

### *Freedom Mortgage and Discover's Motions to Dismiss*

#### Shotgun Pleading

Freedom Mortgage and Discover both argue that the amended complaint remains a shotgun pleading because it offers little more than conclusory statements without sufficient supporting facts.  A shotgun pleading is one where "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief" and the defendant therefore cannot be "expected to frame a responsive pleading."  *See Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. College*, 77 F.3d 364, 366 (11th Cir. 1996).  The Eleventh Circuit has identified four primary types of shotgun pleadings:

> (1) complaints containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;

> (2) complaints that do not commit the mortal sin of re-alleging all preceding counts but are guilty of the venial sin of being replete

with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;

(3)    complaints that commit the sin of not separating into a different count each cause of action or claim for relief; and

(4)    complaints that assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which actions or omissions, or which of the defendants the claim is brought against.

*See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322-23 (11th Cir. 2015).

The Court previously dismissed Plaintiff's complaint because it lacked factual allegations that explained the content and basis of his claims. *See CNI Express, LLC v. BMO Harris Bank Nat'l Assoc.*, No. 8:23-cv-1577-CEH-JSS, 2023 WL 5758932, at *2 (M.D. Fla. Sept. 6, 2023). Although Plaintiff has now filed an amended complaint, "the factual and legal bases for [Plaintiff's] claims are virtually impossible to understand" and "fail to give Defendants adequate notice of the causes of action being asserted against them." *See id.* Plaintiff's claims ultimately rely on conclusory statements about various violations by Defendants without providing sufficient facts about what violations allegedly occurred. The shotgun nature of the amended complaint alone provides a basis for dismissal. The motions are due to be granted as to this ground.

Separate and apart from the shotgun pleading deficiency, Plaintiff's amended complaint is also subject to dismissal for the following reasons:

Count I – RESPA violation (Against Freedom Mortgage Corp.)

Freedom argues that Plaintiff fails to state a claim in Count I for a violation of RESPA. Plaintiff's claim is based on Freedom's alleged failure to respond to a QWR

within the statutory period.  A QWR is defined as written correspondence from the borrower that "(1) identifies the borrower and the borrower's account; and (2) either (a) asserts an error in the borrower's account or (b) requests information related to the servicing of the borrower's account."  *Ranger v. Wells Fargo Bank N.A.*, 757 F. App'x 896, 901 (11th Cir. 2018) (citing 12 U.S.C. § 2605(e)(1)); *see Smith v. Bank of America Home Loans*, 968 F. Supp. 2d 1159, 1170 (M.D. Fla. 2013).  A loan servicer only has a duty to respond if the information request is related to loan servicing.  *Id*. Additionally, RESPA defines "servicing" as "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan."  12 U.S.C. § 2605(i)(3).  Finally, a plaintiff must show "actual damages" from the servicer's failure to respond, along with a "causal link" between the violation and alleged damages.  *See Ranger*, 757 F. App'x at 901.

In this case, it is not clear that RESPA applies at all because RESPA only applies to federally related mortgage loans, and Plaintiff fails to allege any facts pertaining to the loan.  *See* 12 U.S.C. § 2602(1)(B)(i); *Williams v. FLAD Invs. LLLP*, 8:17-cv-3083-T-23CPT, 2018 WL 3635119, at *5 (M.D. Fla. May 30, 2018), *report and recommendation adopted by James-Williams v. FLAD Invs. LLLP*, 2018 WL 3635096 (M.D. Fla. June 19, 2018).  But even if RESPA were applicable, Plaintiff still fails to sufficiently allege the requisite elements to state a claim for relief.  Plaintiff alleges in conclusory fashion that the August letter is a QWR and provides a formulaic recitation of the elements of a QWR as previously described by the Court in the prior dismissal

order.  But Plaintiff alleges no specific *facts* to support his assertions, nor does he attach a copy of the August letter.  With no facts to show that his mailing satisfied the statutory requirements of a QWR, Plaintiff's claim offers only labels and conclusions.  In addition, Plaintiff has failed to sufficiently allege facts to show that his claimed damages of late fees, accrued interest, and "specific economic harm to his personal credit equity" were *caused* by the alleged RESPA violation.  *See Munoz v. Citimortgage, Inc.*, No. 8:20-cv-2311-VMC-AEP, 2021 WL 510244, at *3-4 (M.D. Fla. Feb. 22, 2021).

Plaintiff has already been given an opportunity to amend, and he has failed to cure the defects previously identified by the Court.  The motion to dismiss is granted as to this ground, and Count I is dismissed with prejudice.

Count II – Fair Credit Reporting Act (Against Discover)

Discover argues that Plaintiff fails to state a claim in Count II for a violation of the FCRA.  To prevail on an FCRA claim against a furnisher, a consumer must allege and prove: (1) the furnisher received a notice from a CRA that the consumer disputed the tradeline; (2) the furnisher breached its duty to conduct a reasonable investigation into the dispute; and (3) had the furnisher conducted a reasonable investigation, "the furnisher would have discovered that the information it reported was inaccurate or incomplete, triggering the furnisher's obligation to correct the information."  *Felts v. Wells Fargo Bank, N.A.*, 893 F.3d 1305, 1312-13 (11th Cir. 2018).  Significantly, the furnisher's obligation is limited to "conduct[ing] an investigation with respect to the disputed information."  15 U.S.C. §1681s-2(b)(1)(A); *see also Hunt v. JPMorgan Chase Bank, Nat'l Ass'n*, 770 F. App'x 452, 458-59 (11th Cir. 2019) (affirming dismissal of an

FCRA claim where the plaintiff did not allege that the defendant received notification from the CRAs of specific information that plaintiff claimed was inaccurate). To be clear, a plaintiff cannot recover on this type of FCRA claim without (1) actually identifying inaccurate or incomplete information, and (2) pointing to some facts that a furnisher could have uncovered during a diligent investigation that would establish "that the reported information was, in fact, inaccurate or incomplete." *Milgram v. Chase Bank USA, N.A.*, 72 F.4th 1212, 1218 (11th Cir. 2023) (quotations and citations omitted).

In this case, Plaintiff does not actually allege that he had a tradeline or account with Discover. Moreover, Plaintiff fails to allege what information (if any) was inaccurate. He fails to identify any facts regarding the disputes that he submitted to CRAs, including the basis for disputes. He fails to allege that a reasonable investigation would have identified any specified inaccuracy. Plaintiff's references to "lawful payment tenders,"[2] vague allegations, and bare legal conclusions that merely recite the elements of an FCRA claim are not sufficient to state a claim for relief.

Plaintiff has already been given an opportunity to amend, and he has failed to cure the defects previously identified by the Court. The motion to dismiss is granted as to this ground, and Count II is dismissed with prejudice.

---

[2] Plaintiff fails to define what the "lawful payment tenders" are, to whom the "payment tenders" were made, when the "payment tenders" were made, or even who made the "payment tenders." In addition, the Court notes that Plaintiff's choice to use the term "lawful payment tenders" is indicative of other common debt avoidance arguments.

***Chrysler Capital's Motion to Dismiss or Compel Arbitration***

In its motion, Chrysler Capital requests the Court (1) dismiss the complaint for lack of subject matter jurisdiction, or (2) in the alternative, compel arbitration and stay the claims against it pending arbitration. According to Chrysler, Plaintiff (acting as a co-buyer and president of Hangout Corporation) entered into a retail installment sale contract with Brandon Automall Fiat to purchase a 2021 Tesla Model Y, which was financed by Chrysler Capital. The contract was assigned to Chrysler Capital. In the contract, Chrysler Capital asserts that Plaintiff agreed to arbitrate any and all claims relating to the contract, including any statutory claims under the Fair Credit Reporting Act and Consumer Financial Protection Act because any alleged reporting would clearly arise from the purchase of the vehicle and relate to the contract and servicing of the loan (including default and payments owed under the contract).

Plaintiff's contention that Chrysler Capital has waived its right to arbitrate is flatly wrong. Chrysler Capital has raised this arbitration argument at the earliest opportunity. And despite the Court's guidance that it would stay the case rather than dismiss in the event that arbitration was compelled, Chrysler Capital has continued to seek arbitration. Further, Plaintiff's argument that the arbitration agreement is unconscionable is unavailing, and Plaintiff has demonstrated neither procedural nor substantive unconscionability.

The motion is granted in part. Plaintiff's claim against Chrysler Capital is stayed pending arbitration. *See, e.g., Milestone v. Citrus Specialty Grp., Inc.*, No. 8:19-cv-2341-T-02JSS, 2019 WL 5887179, at *3 (M.D. Fla. Nov. 12, 2019) (citing *Bender v. A.G. Edwards & Sons, Inc.*, 971 F.2d 698, 699 (11th Cir. 1992)); 9 U.S.C. § 3; *Giraud v.*

*Woof Gang Bakery*, No. 8:17-cv-2442-T-26AEP, 2018 WL 2057814 (M.D. Fla. May 3, 2018)).

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Capital One, N.A. Successor by Merger to Discover Bank's Amended Motion to Dismiss Plaintiff's First Amended Complaint" (Doc. 48) and "Defendant Freedom Mortgage Corporation's Motion to Dismiss" (Doc. 51) are **GRANTED**.

2. Plaintiff's claims against Discover and Freedom Mortgage are **DISMISSED WITH PREJUDICE**.  The Clerk is directed to terminate Discover and Freedom Mortgage as parties to this action.

3. Chrysler Capital's Motion to Dismiss or Compel Arbitration is **GRANTED IN PART** and **DENIED IN PART**.  This case is **STAYED** pending the completion of arbitration, and the parties are directed to notify the Court within 14 days of the resolution of the arbitration proceedings.

4. The Clerk is directed to terminate all pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 10th day of July, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE